The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable of the United States Court of Appeals for the Fourth Circuit are admonished to draw an eye and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Mr. Reisinger Thank you, Your Honor, and may it please the Court. Nathaniel Reisinger, Court Appointing Counsel for the Movement, Randolph McNeill. I'll reserve four minutes for rebuttal. This case asks whether the District Court may even consider a challenge brought by an unconstitutional conviction for conduct that is no longer criminal. Under Section 2255's provisions on successive motions or in the alternative under its Savings Clause, the answer is yes. When the Supreme Court decided Rahaf v. United States, it established for the first time that a criminal defendant's constitutional rights are violated if he is subjected to a conviction where his knowledge of status was not included in the indictment, not presented to the jury, and not proven beyond a reasonable doubt. Before Rahaf, a conviction was constitutional even if it were not supported by each of those things, and after Rahaf, it isn't. Rahaf thus announced a new constitutional rule, previously unavailable in the circuit, which the government no longer disputes, was made retroactive to cases on collateral review. A Rahaf error accordingly satisfies the standards for a successive 2255 motion for authorization to file. Well, isn't your only form of relief under 2255E, the Savings Clause, which then triggers a 2241? We have argued, Your Honor, in the alternative that if Rahaf did not announce a new constitutional rule, then he can't satisfy the gatekeeping provisions of 2255, but our primary position is that Rahaf did announce a new constitutional rule which allows him to proceed under a successive motion under 2255H2. Well, it was certainly a substantive change in the law, just adding an element, but that didn't make it a new constitutional rule, does it? Yes, Your Honor, we think it does, and the reason for that is because when the Supreme Court interprets a new element, interprets a statute to include an element that was not requires, it changes the class of individuals who can be constitutionally subject to a conviction under that statute, and it alters the scope of conduct that can be the basis for a constitutional conviction. So, it's certainly the case that not every question of statutory interpretation has constitutional implications, but the addition of a new element that the government is required to prove beyond a reasonable doubt does have substantive constitutional implications, because it changes whether or not a defendant can be constitutionally convicted under the statute, and it's undisputed here that Mr. McNeil's knowledge of status was not included in his indictment, not presented to the jury, and not proven beyond a reasonable doubt, so as a result, he is currently subject to a conviction that the Constitution does not permit following rehafe, but did permit before rehafe was announced, and that is, that satisfies the showing on a motion for authorization that there is a new constitutional rule. What about in re vial? So in re vial, I think it's important to distinguish between the nature of the statutory interpretation question, so in re vial, which interpreted the Bailey decision from the Supreme Court case, the Bailey decision from the Supreme Court, changed the interpretation of what was required to prove for use of a firearm, it didn't... Thank you, what part of 922G would you say is unconstitutional? I'm so sorry, I can't... 922G would be unconstitutional. So our position is not that 922G is unconstitutional, it's that... You're not dealing with the unconstitutionality, what you're dealing with is the statutory interpretation, as was done for Bailey, which vial says it's not a constitutional change. So the difference is, between Bailey and rehafe, is that in Bailey, the Supreme Court altered the interpretation of a pre-existing element of the criminal statute. Here, the Supreme Court has interpreted the statute to include an entirely new element, and that distinction, I think, presents a clearer break... You interpreted the statute to include, you didn't say, held it to be unconstitutional not to include. I think rehafe, the implication of rehafe is that it is unconstitutional to convict a person unless each of the elements that the statute requires was proven beyond a reasonable doubt, presented to the... Unconstitutional provision. The 5th and 6th Amendments, the right to have the proof presented to a jury... Rehafe mentioned that? No, Your Honor, it didn't. And we don't think that it needed to. You said that was the basis upon which, when you're interpreting a statute, that then you look at the implication as an unconstitutional interpretation? I would point to Summerlin v. Shryo, which established that when you change the class of individuals who are subject to the statute, or alter the course of conduct such that individuals can no longer... Individuals are incarcerated for, or are subject... Let me ask you one last question. There's no other circuit that's as ill as you want to hope, has it? I mean, every circuit that's looked at this has said that rehafe didn't announce a new constitutional rule. Is that correct? Yes, Your Honor, that's true. It would be the first time anybody's ever said that. It would be the first time that a court has held that rehafe announced a new rule of constitutional law in the context of a successive 2255 petition. The 5th Circuit and the 11th Circuit have both held that it announced that it created new substantive constitutional rights in the context of an initial 2255 petition. And simply put, we think those prior cases to hold that rehafe did not announce a new rule of constitutional law are wrongly decided. The clear implication of rehafe is that... The circuit's absolutely wrong. Yes, Your Honor. When the Supreme Court interprets a statute to include an element that was not proven in the defendant's case, the situation we have is a defendant who is subject to an unconstitutional conviction for conduct that is no longer criminal. If the court's not persuaded that rehafe announced a new constitutional rule, it flows from that decision, I think fairly straightforwardly, that he ought to be allowed to proceed under the Savings Clause of 2255e and file a traditional habeas petition under 2241. At the time of his conviction, Circuit Precedent under Lockhart and Langley expressly held that the government was not required to prove his knowledge of status. You've got a lot of support in Jones on that. Yes, Your Honor. Do you need this court to authorize this or is this something you can get in District Court? As a strictly procedural matter, Mr. McNeil does not need the authorization of this court to file a 2241 petition under the Savings Clause. But in Ray Jones, the same was true in Ray Jones. The petitioner there didn't need the court to weigh in on whether he could file 2241. He would have been free to do so and raise the same arguments. This court's decision in Ray Jones, however, served the important values of efficiency. When we're talking about post-conviction relief and habeas cases, especially when we have an unconstitutional conviction for conduct that's no longer criminal. Would you make this application directed to the District Court? Mr. McNeil absolutely could, Your Honor. I think the important thing is that adds delay and uncertainty to the process. It would require him to begin again in the District Court. If the District Court doesn't, in our view, reach the correct decision, he has to come back up to this court where we would be presenting the same arguments that 2241 is authorized under the Savings Clause. In our view, the District Court would be reversed. He'd go back down to the District Court. All of this is adding time when his unconstitutional conviction is persisting unnecessarily. So we think that in Ray Jones lays out a path that I would also say the application of the Savings Clause is sort of baked into the question presented on the motion for authorization. Fundamentally, the question is, does Mr. McNeil have an avenue to even have his claim of constitutional error considered? Whether that's under the Savings Clause or under the successive petitions, the successive motions provisions, fundamentally the question is, when he is subject to a conviction for conduct that's no longer criminal, does he have any ability to get into court to have that considered? As counsel, I'm sure I know you've done incredible research in this case. I know that. So you know the judge who's talking to you now is probably the most sympathetic judge in the 4th Circuit to Ray Eiff and the issues you brought. Do you understand that? Do you understand how the case got to the Supreme Court and this court and that? I understand, Your Honor. So I'm a sympathetic voice to you, but you lost. But you keep saying something that I don't think is correct. You said he's now convicted of something of conduct that's no longer illegal. That's not true. The conduct is still illegal to knowingly possess the weapon. The question is, there's an element that already existed that the Supreme Court said, I disagreed. I thought it was structural. People ought not to be in jail for an element they didn't know about at all. I didn't prevail in that at all. It went straight from this court on Bach and then on there. But it's not structural. No one has agreed with you on that. So why do you say that it's conduct that is no longer illegal? So I think in Rahaf itself, it points... Conduct. Yes, Your Honor. Sienter element that's missing. Not conduct. Your Honor, there's language in Rahaf itself that says that sienter and conduct are inextricably intertwined. That the mens rea element is what separates innocent conduct from criminal conduct in many, many cases. If there's a pen here between the two counsel tables and I pick it up with the intention of taking it home, whether that is criminal theft or not depends on whether I know that that pen doesn't belong to me. Whether separating conduct from... The Supreme Court has held separating conduct from mens rea just isn't the correct way to look at it when we're talking about whether there is conduct that's no longer criminal. Or the other way that the Summerlin case addresses it is whether a person has fallen out of the class of individuals who can be constitutionally subject to a conviction under the statute. So prior to Rahaf, to be in that category of persons, all you had to do was know that you possessed a firearm and have a prohibited status. Now, you have to know you have a firearm and know that you have that prohibited status. So Mr. McNeil, defendants in Mr. McNeil's position have fallen out of the class of persons that are subject to a constitutional conviction. Because they didn't know that they were a felon. They didn't know he was a felon. That's right. Right. Defendants who didn't know that they had a prohibited status. Even your client who didn't know he was a felon. They've fallen out of that. Right? Yes, Your Honor. I think we haven't... On a successive petition is where Mr. McNeil would put in the facts to establish his knowledge or lack of knowledge of status. But yes, the government certainly hasn't proven... Right. There's an opportunity to be able to show it in terms of what evidence he has. Because Raif wasn't as strong when it went back up in terms of the case. It's a different justice road. Yes, Your Honor. Yes, Your Honor. And I think you're hitting on something that's important. I think it's the difference between the showing that Mr. Raif would be... I'm sorry, that Mr. McNeil would be required to make when he actually files in the district court versus the showing he's required to make here. And that's a minimal showing of possible merit warranting further exploration by the district court. And I think he's... First question was whether or not Raif had raised a constitutional issue. Let's assume he does not. Therefore, you're in a savings clause. First question that comes to my mind is a jurisdictional one. And you bring it here. Jones did so, but shouldn't you bring this down in the district court? You don't have a 2241 application before us. All we have is a motion. Authorization file was assessed for the second 2255 application. But then even if we do get to it, that's where you are now dealing with the merits of a savings clause in light of Jones. You meet the Jones factors here. And that question would only arise if we determine it doesn't go back to the district court. Is that right? I don't think so, Your Honor, but I may be misunderstanding the question. You don't think so? I don't think that question is only before the court. What question? I don't think the question of 2241's applicability is only before the court if Mr. McNeil has filed a 2241 application. I think it is baked into... You didn't file a 2241 application to us, did you? No, Your Honor, that's right. So if you're telling me you don't think it's before us, you're telling me Jones is not something we should follow. Jones wasn't there either, but the court went on and determined it. So what should we do here is the question. The court should answer the question of whether Mr. McNeil has an avenue to have his claim of constitutional error considered under 2255. Our position is either that is under 2255H2, the successive petitions provision, or it's under 2255E, the savings clause. And a finding against Mr. McNeil on the issue of whether it's a new constitutional rule is inherent in that, if under this court's precedent he must have some ability to challenge this constitutional error, is the availability of savings clause relief. So it isn't required for the court to decide that, but I think it's baked into the question that's presented, and I think it also provides necessary guidance to lower courts for other defendants who may bring rehab petitions. Thank you. Thank you, Mr. Brunsinger. Mr. Renfer. Your Honors, thank you. May it please the court, I am Rudy Renfer, representing the United States in this matter. And our position is that Mr. McNeil fails to satisfy the threshold requirement to justify relief under 28 United States Code 2255H2, and that the case of the United States v. Raheef did not create a rule of constitutional law. That two circuits agree with you, black and red violence, interpreting vaguely, is that where you're going with this? Yes, Your Honor, essentially it's that. And I would like to also start out early on in my argument by noting, you know, the United States did file a withdrawal of its argument regarding the retroactivity of Raheef, and based upon the Graham decision issued yesterday, we also will not be arguing whether it is new or whether it was available to Mr. McNeil. The sole issue for this court is really whether Raheef created a constitutional rule, and it simply did not. In Raheef itself, the Supreme Court identified the issue as, quote, whether in prosecutions under 922G and 924A2 the government must prove that a defendant knows of his status as a person barred from possessing a firearm, end quote. What about the savings clause? About the savings clause. How do we proceed with it? You know what they did in Jones, you saw the Jones case. That's not what we should do. You don't need this court's authorization to do that. Go to this court and get that. So what should we do? Your Honor, what you should do is deny his petition to file a successive 2255H2. That will be the end of the matter in the Fourth Circuit. Based upon this court's decision in Jones, Mr. McNeil will be able to file a 2241 petition regarding... Jones, the court went on and analyzed it on the merits, didn't it? Well, in Jones, yes, it did. But the little bit difference there is that Jones, if I recall correctly, dealt with Bailey in possession of a firearm. And it was clear in the record before the court at that time that the conduct for which Mr. Jones was convicted on the record before the court, you could determine that the conduct for which he was convicted was no longer illegal. But we don't have that factual development of the record before the court in this case. In this case, Mr. McNeil needs to file his 2241 petition based upon Jones, but he needs to file that in the district court for the district court to engage in fact-finding to determine whether Mr. McNeil satisfies the savings clause. You heard the Chief differentiate between illegality and scientific. So what are we dealing with on that? The question is whether the conduct was illegal. He can show that the record shows that. Is that what needs to be shown? What Mr. McNeil is going to have to show is that he did not know that he was a felon. In order to establish that his possession of a firearm and him discharging it in a mobile home park with police nearby, that his act of doing that is no longer illegal because he didn't know he was a felon. But the district court needs to develop that factual record, that evidentiary record, to determine whether Mr. McNeil can make that showing. That's where it kind of gets confusing to me. It's like to what extent do we need to do that here in order to determine whether or not you can proceed to do it and then ultimately whether the district court, this whole business, when you have the plain error type of view, it sort of shifts over. It's kind of interesting to me how this thing flips around. First, the government's got to show it. All of a sudden, if it's plain error, it flips it, I guess. Our purpose is here. It seems to me where you're going is not somewhere we need to go. It may go there. But we're only dealing with these procedural motions here and applications. At least Jones, in terms of it, did Jones make the ultimate determination? The ultimate determination? What Jones did is Jones opened a procedural vehicle for individuals to challenge their convictions when the relief isn't available under 2255. This court set the standard for that with the three prongs of the Jones test. I think other courts who have considered this issue have focused generally on the second prong. And in that prong is can Mr. McNeil demonstrate to the district court that his conduct is no longer illegal? And that requires the development of the evidentiary record. Jones, while this court did issue an order to remand the case for him to file a 2241, number one, Jones was essentially a seminal case in this circuit that basically informed the district courts throughout this circuit how they need to proceed on savings clause petitions and 2241 petitions. I don't think he needs to satisfy any requirements before this court. This court has already provided him all the authority he needs by way of the Jones case. And from my experience of handling petitions, I've been getting 2241 petitions citing Jones and arguing that it satisfies the gatekeeping procedure. And those cases have been developed in district court. Correct. I think the 2241 needs to be filed directly with the district court. And that's what Mr. McNeil needs to do. I'm not sure what the court means by the jump the gun. I think what the court did is But like I said, the distinction I mentioned earlier, the distinction between Jones in this case, at least a clear distinction in my mind, is that there was evidence on the record before the court in Jones that the conduct for which he was convicted, which was possession of a firearm and furtherance of a drug trafficking crime. When the evidence before the record in the Jones case was that a search warrant was executed and the guns were found just in an apartment where drugs were located. And so that would be constructive possession at best. But under the law at the time, under Bailey at the time, that was sufficient for a 924C conviction. But this court had before it evidence on the record that the conduct for which Mr. Jones was convicted was mere possession or constructive possession at best, which blossomed into this 924C conviction. And on the record before the court in Jones, there was sufficient evidence for you to essentially remand it with instructions to follow this test. Here's the test that we have. And by the way, he satisfies it based upon our review of the record. But that evidence simply does not exist in this case. And that's what the district court is for. And opposing counsel mentioned that this court ought to do it just as a matter of efficiency. But that's really not... The law can be inefficient sometimes, but the steps are there and the steps are there to be followed. And in this case, this court has given the opportunity for inmates or inmates for people convicted of crimes to challenge those convictions via 2241 by arguing that they satisfy the 2255E savings clause. And by following the test followed in Jones. This court does not need to tell Mr. McNeil, you can go file a 2241. This court has already told Mr. McNeil that when it issued the Jones opinion. To the extent that he is asking this court to weigh in on the facts or weigh in on the evidence or weigh in on whether he satisfies the three-pronged test in Jones, they're essentially not asking for authorization to seek relief. They're asking for you folks to enter an advisory opinion that he is entitled to relief. And that's what the district court needs to consider first. Is there evidence in the record that shows that Mr. McNeil did not know that he was a felon? Which would then satisfy, ostensibly, the second prong of the Jones test. And that would be the government's position. And so that's with respect to the 2241. This court did mention also that going back to the constitutional rule issue, we would suggest that this court has done the same thing in the case mentioned by the court, and that's N. Ray Vial. In the case, that was looking at the same Bailey case that Jones did. And Bailey, once again, was a case of statutory interpretation. And this court noted in Vial that the Bailey court clearly considered itself to be engaged in statutory construction rather than constitutional rulemaking. In fact, this court noted in Vial that the Bailey court neither referred to nor relied upon any provision of the Constitution as support for its holding. So McNeil's conviction relied upon his knowledge of possession. Is that correct? Yes, sir. At the time he was convicted, yes. Where's the evidence of his knowledge of status? Your Honor, before this court, there isn't any. I was a prosecutor on Mr. You just told me we could find this illegal. Don't you have to show both knowledge of possession and knowledge of status to satisfy radio? To satisfy, yes, Your Honor, yes. You said there's no knowledge of status before us. There's no evidence. I don't think there's any. There's no evidence that he. I'm sorry. Let me be more accurate. There's no evidence that he did not know he was a felon. There's none of that evidence before this court. Well, that's knowledge of possession, which he was convicted of. But does he know of his. Is there evidence of his knowledge of status? Yes, Your Honor, the stipulation that he entered into a trial. He stipulated that he was a felon before the jury. Did the government present that? Yes, we did. We read it into the record. We read it into the record in open court. And that was with his consent and his attorney's consent and the judge's consent as well. And he made no objection. Now, we'd like to point out that I know from my experience in the case that when he was sentenced and the convictions were listed in his pre-sentence report, he did not object to any of those convictions. I admit that. That sounds close. I'm just trying to understand that because of what Rahab requires. It requires the government to come forth with the proof of it that he actually knows this. Yes, Your Honor. I'm spitballing here a little bit. But I would imagine that the United States, you know, obviously will change. Did he stipulate that he's a felon at the time of the conduct? Or did he just stipulate at trial that he had been convicted of a felony? No, he stipulated as to his status. He did not stipulate that it was knowing. He didn't use that word. Excuse me, Your Honor? He didn't use the word status, did he? No, Your Honor. He stipulated that he was a convicted felon. He did not stipulate that he knew he was a convicted felon. Was that stipulation published to the jury? Yes, Your Honor. It was read into the record. And he made no objection at that time. But you're saying he stipulated that he knew he was a felon at the time of the conduct. If I said that, I apologize. I misspoke, Your Honor. Isn't that what has to be established? What does have to be established is that, yes, that he has to be, that he possessed it and that he knew his status as well. Yes, Your Honor. Why is the second prong of Jones not satisfied? I'm not saying the second prong of Jones is satisfied. I don't know if it's satisfied. That's what the district court needs to determine is presented on evidence. What evidence is there, you know, if the district court requires the United States to present affirmative evidence of his knowledge, at a 2241 hearing, the United States can do that. Mr. McNeil, obviously, at that hearing will have to present evidence that he had no knowledge he was a felon. And from that evidence, the district court can determine whether Mr. McNeil satisfies the second prong of the Jones test and then, therefore, would be entitled to relief. But all those questions are premature at this point because of this. Because he's not filed here, do we just send it back? Because he's not filed a 2241 application here. But Jones actually went through this analysis. Yes, Your Honor. That's where I started on this. And you took me down the path and said, well, it's already illegal here. Then we kind of work it back and say, oh, no, you don't stipulate the status at the time of the conduct. No, Your Honor. But if he is asking, it seems to me that he is asking for authorization to file a 2241 based upon relief. And my argument is this court today does not need to grant Mr. McNeil that authorization. He already has authorization to file a 2241 with the language of 2241 itself. He has authorization. That's where I started with this. It sounds like to me you could have just said, okay, yeah, that's what he should do. That's absolutely. Then I did point to Jones. And Jones creates a problem. I mean, you distinguish the bail and the whole bit. I think Jones creates a little problem. Jones actually went there. But the question is, did it have to? I don't know that it had to. But it had evidence on the record from which it could render a decision. Because, like I said, in Jones, the evidence was that he did his conduct. The prong, too, was satisfied by evidence on the record. Because in Jones, he was convicted of possession, not use. And after Bailey, the evidence before the court was that conduct is no longer, you know, based upon Bailey, that conduct is no longer legal and there is sufficient evidence on the record in Jones for this court to look at that and essentially, you know, remand with instructions. But that same evidence or the equivalent evidence is not present in this case. I thought you were arguing that if we issued an opinion denying his 2255 as successive and then we say without deciding, the petitioner may file a 2241 in the district court. And I thought your argument was that amounts to an advisory opinion. I think it does amount to an advisory opinion. Because there is nothing, I mean, I guess all you're doing is you're advising Mr. McNeil this is what you can do. He can. Huh? He can. Yes, sir, he can. But it's just, I consider that to be. Right now in court, what's the big deal if you put an opinion? It's just an advisory opinion, your honor. I don't think this court needs to be issuing advisory opinions. It should hold it. It just said the district court can't do that. Yes, you're right. I've been through cases like this over and over with the court in which the government fails to do something. They make this point, the government can go back and do this and do that and do that. And I says, wait a minute. You're not the government. I'm telling my colleague, why do you keep doing it? And now you're standing here saying that we can't do it for him. You mean to tell me we can't tell the district court something that you know he can do, he knows he can do, we know. All we're saying is what everybody knows. You can go back to district court and file a 2241 application. And you call that an advisory opinion? That's not an advisory opinion. Advisory opinion would be if we went forth and just decided we're going to hold something that nobody's even brought up. And it's not even holding it, not a part of the court. If I could have a minute to explain what I mean. It is an advisory opinion. Maybe you're helping me out. When the government is standing on the other side of this, you've heard it many times. I know you have. You've seen the cases where you bring a case to the government. You have an opinion that says, well, you didn't win on this, but you can go back and you ought to look at this and this and that. You've seen that. Yes, Your Honor. But that's not what's happening here. All that's happening is he's coming to court. We're now looking at the savings clause. He says, wait a minute. You don't need to come to this court for the application. You can go to district court. That's not advisory. Your Honor, I would harp back to words. Why do you even need to see it? What's the game one way or another? Does it matter? It doesn't matter. But there's something about opposing counsel's statement that lends itself to suggest he's looking more than just saying that you can do this. What he has said is this court should go ahead and essentially say that he is entitled to relief. Because his reason for doing that is if you go to district court and we lose, we're just going to bring it up to this court anyway. But if you go to district court and lose, you have a development of an evidentiary record. I think you're worried about something you don't have to. We don't have any evidence in this record other than a request for successive 2255. There's no basis in fact on which we can make a decision that would give him any relief. Yes, Your Honor. I appreciate the court's position and I'll be silent on that issue. I was just trying to respond to what seemed to me his discussions of efficiency and that this court should go ahead and make a ruling based upon efficiency. It seems that he wanted this court to engage in evidentiary findings because why waste time in the district court for their evidentiary findings when it's just going to be before this court anyway? So this court might as well make those evidentiary findings. His inefficiency argument just doesn't carry any weight because he's known, I don't know how long, but certainly a year or more that he could do this. Yes, Your Honor. 2241. He's the cause of the delay. Yes, Your Honor. I'm responding to his argument and what can flow from a natural inference from that argument. If the court doesn't read it that way, then I'll quit with the advisory opinion argument because really this case is more about, since I think we all agree that he's allowed to file a 2241 seeking relief based upon the Jones case, that the main issue before this court then is did Rahif create a constitutional rule? And that was how everything got before this court to begin with was seeking authorization to file successive 2255 and trying to argue and establish that it was a constitutional rule. And I would just politely say that all the other circuits that have considered this, and I know there are two circuits in particular, but the Second Circuit, the Third Circuit, the Fifth Circuit, the Sixth Circuit, the Ninth Circuit, the Eleventh Circuit have all spoken on it. And each one of them have indicated that Rahif is a rule of statutory construction, not a constitutional rule. I would respectfully ask that this court hold the same and deny his petition for successive 2255.  First, I think opposing counsel is conflating the standards between what is required for relief on a 2241 motion and whether a petitioner can file 2241 at all. To be clear, on the point of Mr. McNeil being the cause of delay, Mr. McNeil can't file a 2241 petition unless 2255 is unavailable to him. And it's his position that 2255 is available to him. Opposing counsel spoke several times about the factual record being insufficient. I want to be clear. If it's not available, then that's where the savings comes from. Exactly. Exactly, Your Honor. And I want to be clear. I think you ought to move in the direction that Rahif didn't create a new constitutional rule. You want to continue to press it. It's fine with me, but it seems to me I think you ought to do that. I like academic arguments. I'll tell you, I like to be dealing with stuff that's straight up because I think this case may turn on how we deal with the savings cost type issue here. Understood, Your Honor. That means you're not out. Maybe a different situation you've got to deal with. But if you want to keep pressing something that every circuit has said no to, and there's nothing in this court that says you can do it, we do. Sometimes we change our mind when we look at novel arguments and go back and restudy this thing. We listen to the tapes of this and see what's going to come out of it. So I want to be clear that we're not conceding our successive petition argument. But to address the savings clause argument, I want to be clear that prong two of the Jones test is not a factual test. It is not a factual question. It does not rely on evidence in the record. It is a legal question whether the new rule has altered the category of conduct or the class of individuals who can be subject to a constitutional conviction. And so what Mr. McNeil is asking for in his alternative petition is to say you satisfy the savings clause. You can file a 2241 petition. I've understood the government several times today to concede that he is free to file a 2241 petition, but they disputed that in their brief. They said he didn't satisfy prong two. Now, prong two of the Jones test is just about whether you can file a 2241 petition at all. And the most common place that this court cites Jones is on appeal from denials of 2241 petitions dismissed on jurisdictional grounds that say you can't file a 2241 petition because you don't satisfy the savings clause. So what Mr. McNeil is asking for, assuming that REHAVE did not announce a new constitutional rule, Mr. McNeil is asking for is this court to do what it did in Jones, to say yes, REHAVE errors do satisfy the savings clause. Because we've held that they're not new constitutional rules, and you satisfy the other requirements, because if you are convicted without the government being required to prove your knowledge of status, then section 2255 successive petitions provision is insufficient to allow you an opportunity to seek relief. So all we're asking for here is, which I understood the government to concede several times, is to say he does satisfy the savings clause, and he can file a 2241 petition. Whether he's entitled to relief is a question for the district court, and we're not suggesting otherwise. What we're asking for here is, if REHAVE did not announce a new constitutional rule, that this court make clear to the district courts that REHAVE errors satisfy the Jones test, allow a savings clause avenue to a 2241 petition, so that we're not in a situation where a petitioner files 2241 without that guidance to the district court and has to come back up and press this Jones argument again. That's what he's called an advisory. We don't need to do that. That's what you're saying. I see my time's expired. Can I respond briefly? You may. We don't think it's an advisory opinion because it's baked into the question of whether 2255 provides relief, either under 2255H2 or 2255E. Thank you. Thank you so much for your arguments. We'll come down and greet counsel and move on to our next case.
judges: Roger L. Gregory, James Andrew Wynn, Henry F. Floyd